980 F.2d 735
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Jerry PARKER, Appellant,
v.
Sheriff Gary TOELKE, Appellee.
 No. 92-1399.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 9, 1992.
Filed: November 25, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jerry Parker, a Missouri inmate, appeals from the district court's[1] grant of summary judgment in favor of Sheriff Gary Toelke in this 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 On October 24, 1990, Parker filed his pro se complaint alleging that Toelke failed to prevent female jailers, female police officers, and female prisoners from seeing him nude when he used the toilet and showered while he was a pretrial detainee at the Franklin County jail. He alleged his First Amendment free-exercise right and his Eighth Amendment right "to some degree of privacy" were violated, and asked for actual and punitive damages.
 
 
 3
 Toelke moved for summary judgment on the basis of Parker's deposition and his own affidavit. He argued he was entitled to qualified immunity and that there was a rational connection between the sex-neutral visual surveillance of inmates and prison security and equal employment opportunities. In his response, Parker asserted that as a pretrial detainee he was entitled to greater protection under the Constitution than convicted inmates assigned to a prison. He argued that Toelke's motion did not address his claim regarding female prisoners and female police officers, that it was a sin for him to be seen naked, and that he could not avoid such sin because jail regulations required him to shower regularly or risk punishment.
 
 
 4
 The district court granted summary judgment in favor of Toelke on the basis of qualified immunity, concluding that Parker did not have a clearly established free-exercise right or Fourteenth Amendment right in not being seen nude by female jailers, female police officers, or female prisoners while using the toilet or showering. This timely pro se appeal followed.
 
 
 5
 We review a grant of summary judgment de novo and examine the record in the light most favorable to the nonmoving party. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). Prison officials are protected by qualified immunity unless
 
 
 6
 (1) their conduct violated a constitutional right of the plaintiff-prisoner that was clearly established prior to the time of the alleged acts of the prison officials; (2) they knew or should have known of the clearly established right at the time of the violation; and (3) they knew or should have known that their conduct violated that right.
 
 
 7
 Brown v. Frey, 889 F.2d 159, 165 (8th Cir. 1989), cert. denied, 493 U.S. 1088 (1990).
 
 
 8
 Although courts were beginning to address claims concerning inmates' free-exercise and privacy rights at the time Parker filed suit, we conclude that, at the time of these incidents, Parker did not have clearly established free-exercise or Fourteenth Amendment rights in not being seen nude by female prison guards, female inmates, or female police officers while showering or using the toilet. Toelke was, thus, entitled to qualified immunity. We need not address Parker's equal protection claim because it was raised for the first time on appeal. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985).
 
 
 9
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri